IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TERESA V. JEMTLAND**

      Plaintiff,

vs.                                                                           Civ. No. 00-1635 JP/DJS

**LARRY G. MASSANARI,**[1]
**Commissioner of Social Security,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse for Continuation of Benefits, or in the alternative, to Remand for a Rehearing. (Docket No. 8), filed June 25, 2001. The Commissioner of Social Security issued a final decision terminating benefits finding that Plaintiff's medical condition had improved. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is well taken in part.

## PROPOSED FINDINGS

---

[1] Larry G. Massanari became Acting Commissioner of Social Security on March 29. 2001. Pursuant to Rule 25(d)(1) as the Federal Rules of Civil Procedure, Larry G. Massanari should be substituted, therefore, for Acting Commissioner William A. Halter as the defendant in this suit.

# I.  PROCEDURAL RECORD

1.  Plaintiff Teresa V. Jemtland filed an application for disability insurance benefits on November 29, 1991.  On August 28, 1992, the Administrative Law Judge (ALJ) granted Plaintiff's application.  Tr. 202-12.  The ALJ found that Plaintiff became disabled on October 30, 1991, due to multiple chemical sensitivities, depression, asthma, irritable bowel syndrome, and a panic disorder.  Tr. 206.

2.  In August of 1996, the Commissioner conducted a "continuing disability review" pursuant to 20 C.F.R. §404.1589.  The Commissioner found that Plaintiff's disability ceased in March of 1997.  Tr. 227-230.  Plaintiff administratively appealed this decision.  Tr. 262.

3.  After a hearing the ALJ issued a decision on April 24, 1998.  The ALJ made the following findings according to the sequential evaluation set forth in 20 C.F.R. §404.1594(f): the claimant has not engaged in substantial gainful activity "since at least the date of her cessation"; the claimant had a "severe" impairment due to multiple chemical sensitivities which caused severe symptoms of chest pain, rashes, sore throats, nausea, headaches and fatigue; she also had major depression, panic attack disorder, disorientation, mood swings, short term memory loss, asthma and irritable bowel syndrome; the severity of the claimant's impairments do not meet or equal a listed impairment; the claimant had symptom-producing medical problems at all times at issue, but gave exaggerated testimony of symptoms and functional limitations; the claimant underwent medical improvement related to her ability to work by January 1, 1996; the claimant retains the residual functional capacity "to perform simple one or two step repetitive tasks at a light exertional level, so long as the work was in a more or less sterile environment or where the claimant could use her

charcoal mask to avoid overexposure to chemicals, smoke and fumes"; and the claimant is able to perform work which is available in significant numbers in the national economy. Tr. 23-31.

4. The ALJ entered his decision on April 24, 1998. Thereafter, the Plaintiff filed a request for review on June 17, 1998. On November 7, 2000, the Appeals Council issued its decision denying request for review and upholding the final decision of the ALJ. Tr. 7. The Plaintiff subsequently filed her complaint for court review of the ALJ's decision on November 20, 2000.

## II.  STANDARD OF REVIEW

5. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

6. After the Commissioner finds a claimant disabled, he "must evaluate [the claimant's] impairments from time to time to determine if [she is] still eligible for disability cash benefits." 20 C.F.R. § 404.1589. In a "continuing disability review", the Commissioner has the burden to show that the claimant can perform substantial gainful activity. Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994). Further, no "inference as to the presence or absence of disability [is] drawn from the fact that the individual has previously been determined to be disabled." 42 U.S.C. § 423(f).

7. The Commissioner may find that a claimant is not longer entitled to disability benefits

because her impairment has ceased, does not exist, or is no longer disabling, if such finding is supported by:

> (1) substantial evidence which demonstrates that -
> (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
> (B) the individual is now able to engage in substantial gainful activity...

42 U.S.C. § 423(f).

### III. DISCUSSION

8. Plaintiff raises three arguments in support of her Motion to Reverse and Remand for Continuation of Benefits, or in the alternative, to Remand for a Rehearing. First, the Plaintiff argues that the ALJ improperly discounted evidence from her treating physician. Second, Plaintiff asserts that the ALJ's reliance on the vocational expert's testimony is contrary to law and the evidence. Third, Plaintiff assertsthe ALJ's credibility analysis is contrary to the evidence and the law.

<u>Medical opinions of Plaintiff's treating physicians.</u>

9. The ALJ must give significant weight to a treating physician's opinion if the evidence supports it. See Castellano v. Secretary of HHS, 26 F.3d 1027, 1029 (10th Cir. 1994); Social Security Ruling 96-2p. When the ALJ discounts a treating physician's opinion, he must give specific reasons. Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996). In this case, the objective medical evidence in the record does not support Dr. Shrader's opinion that Plaintiff cannot work. Further, the ALJ gave specific reasons for discounting his opinion.

10. The ALJ specifically found that Dr. Shrader's medical notes did not support his opinion that Plaintiff was disabled. Tr. 27. The ALJ discussed Dr. Shrader's medical findings, and noted that Plaintiff was frequently described as doing well or feeling better. Tr. 27, 271-72 and 333. The ALJ noted that the Plaintiff was not on any medications. Tr. 276. Further, the ALJ correctly found that

4

the Plaintiff did not report any psychiatric or psychological care or hospitalizations after the August 1992 finding of disability.

11. Further, Dr. Shrader's findings contradicted Plaintiff's own testimony. Dr. Shrader wrote that Plaintiff could not commute to work because during high pollen seasons she is confined to her home. Tr. 328. Plaintiff testified that she had special air cleaners in her car and drives three to fours times a week. Tr. 37. Plaintiff also testified that she gardened and did not have any difficulty as long as her neighbors were not spraying anything. Tr. 63. Finally, Plaintiff testified that she no longer used a charcoal mask because she had an ionizer that she wore around her neck. Tr. 57-58.

12. Further, as noted by the ALJ, Dr. Shrader's opinion was inconsistent with the opinion of another treating physician, Dr. Kent Menzel. Tr. 26. The record shows that Dr. Menzel's July 1996 examination of the Plaintiff was essentially normal, except for a mild resolving eczema on her finger tips and chin and a small healing bruise. Tr. 26, 281082. Dr. Menzel indicated that Plaintiff's symptoms were related to menopause. Tr. 281-281. Dr. Shrader changed her hormone medication. Tr. 276. On October 24, 1996, when Plaintiff returned to Dr. Menzel, she said she was better. Tr. 276-77. Further, the ALJ discounted Dr. Shrader's opinion to the extent that it was a vocational finding rather than a medical opinion of Plaintiff's functional limitations. Finally, the ALJ noted that his findings were consistent with all the reviewing and consultative physician's reports.

<u>The ALJ's credibility findings.</u>

13. Plaintiff argues that the ALJ improperly evaluated her credibility. First, Plaintiff asserts that the ALJ's reliance on Plaintiff's daily activities is misplaced. The ALJ's decision clearly shows that he did not rely solely on Plaintiff's daily activities. Rather the ALJ thoroughly discussed the

evidence of record, citing specific evidence relating to the credibility factors, including Plaintiff's objective medial findings (Tr. 24-28), daily activities (Tr. 28), periodic use of medications (Tr. 28), and subjective functional limitations (Tr. 28-29). The ALJ analyzed Plaintiff's complaints under <u>Luna</u> and Social Security Ruling 96-7p. <u>Luna v. Bowen</u>, 834 F.2d 161, 163 (10th Cir. 1987). The Court is not permitted, as Plaintiff appears to request, to reweigh the evidence. <u>See</u> <u>Kelly v. Chater</u>, 62 F.3d 335, 337 (10th Cir. 1995).

14. Plaintiff acknowledged that her condition has improved since she was initially found disabled. Tr. 240. Her T-cell count has gone up. She is able to do a range of daily activities, including cleaning, vacuuming, cooking, exercising, crocheting and gardening. Tr. 28. She attends church and shops. Moreover, Plaintiff reported in these proceedings that she is "able to control the symptoms." Tr. 240.

15. Plaintiff further argues that the ALJ considered a statement from Dr. Menzel's report that Plaintiff had taken a trip to Hawaii.. Tr. 28, 281. Plaintiff now states that she did not take this trip. Again, it is clear from the ALJ's opinion that his credibility findings was not based solely on this alleged trip. He considered the totality of the evidence. Tr. 28-29, Finding 6.

<u>ALJ's reliance of the vocational expert's testimony</u>.

16. The ALJ found that the Plaintiff was limited to unskilled work. Tr. 30. The ALJ adopted the opinion of the vocational expert that the Plaintiff can perform the jobs of small products assembler, hand packaging inspector, directory assistant, telephone solicitor, dispatcher, and surveillance systems monitor. <u>Id</u>. The position of dispatcher is a skilled occupation according to the Dictionary of Occupation Titles (DOT) at ¶849.137-010. The positions of handing packaging inspector, directory assistance operator and telephone are semi-skilled occupations. DOT ¶¶920.387-

010, 235.622-18 and 299.357-014. The ALJ failed to explain the discrepancy between his finding that the Plaintiff is limited to unskilled work and the vocational expert's testimony that the Plaintiff can work at skilled and semiskilled levels. Pursuant to Tenth Circuit law, the ALJ's failure to explain these discrepancies is error. Haddock v. Apfel, 196 F.3d 1084, 1088-89, 1091 (10th Cir. 1999)("The ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.") The ALJ's reliance on this testimony is error. The error requires a remand.

**RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did not apply the correct legal standards and his decision is not supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed June 25, 2001, should be GRANTED in part. This case should be remanded to the Commissioner for proceedings consistent with the proposed findings.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque,

NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**